O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREN SAMPSON, an individual on behalf of herself and all others similarly situated, | ) ) ) | Case No. CV 10-08836 DDP (SSx) |
| | ) | **ORDER GRANTING PLAINTIFF'S EX** |
| | ) | **PARTE APPLICATION FOR A TEMPORARY** |
| Plaintiff, | ) | **RESTRAINING ORDER** |
| | ) | |
| v. | ) | [Motion filed on November 18, |
| | ) | 2010] |
| WELLS FARGO HOME MORTGAGE, | ) | |
| INC.,doing business as | ) | |
| America's Servicing Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the court on Plaintiff Karen Sampson's application for a temporary restraining order ("TRO"). After reviewing and considering the materials submitted by the parties, the court GRANTS the application.

**I.   BACKGROUND**

In 2002, Karen Sampson ("Plaintiff") purchased her residence located at 7126 Lena Avenue, West Hills, California 91307.[1] (Comp.

---

[1]   This case is still in its early stages and Defendants have not yet filed an answer to the complaint.  Therefore, the background section is limited to information provided to the court in the Plaintiff's complaint, pleadings, and exhibits and Defendant's opposition to the TRO.

¶ 50.)  In February 2008, Plaintiff refinanced her $398,000 mortgage with Wells Fargo Home Mortgage, Inc. ("Defendant"). (<u>Id.</u>)

In October 2008, Wells Fargo Bank accepted funds from the United States Government as part of the Troubled Asset Relief Program ("TARP"), 12 U.S.C. § 5211. (<u>Id.</u> ¶ 1.)  Consistent with the TARP mandate, the Treasury Department implemented the Home Affordable Modification Program ("HAMP").  On April 13, 2009, Defendant opted into the HAMP. (<u>Id.</u>, Ex. 1.)  In July 2009, Plaintiff contacted Defendant and requested to be considered for the HAMP. (<u>Id.</u> ¶ 54.)  In September 2009, Defendant sent Plaintiff two copies of a form entitled Home Affordable Modification Program Loan Trial Period. (<u>Id.</u> ¶ 55.)  Plaintiff signed and returned to Defendant the loan trial period modification form, which stated in relevant part:

> If I am in compliance with this Loan Trial Period and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Loan Modification Agreement as set forth in Section 3, that would amend and supplement (1) the Mortgage and Property, and (2) the Note secured by the Mortgage.

(<u>Id.</u>, Ex. 10.)  Thereafter, Plaintiff entered into a loan trial period with Defendant in accordance with the modification form. Plaintiff tendered payments of $1,921.92 each month to Defendant through May 2010, and Defendant accepted these payments. (<u>Id.</u> ¶ 58.)  Plaintiff further provided Defendant with: an executed hardship affidavit, a personal profit and loss statement, and a prior year tax return. (<u>Id.</u> ¶¶ 56-59.)

In May 2010, Plaintiff received a letter from Defendant stating that she was denied a HAMP loan modification due to a

1  failure to provide proper documentation.  (<u>Id.</u> ¶¶ 61, 63.)

2  Defendant scheduled a foreclosure sale of Plaintiff's residence.

3  (<u>Id.</u> ¶ 62.)

4        On November 15, 2010, Plaintiff filed a complaint in state

5  court on behalf of herself and others similarly situated, alleging

6  that Defendant "has regularly failed to comply with the terms of

7  the HAMP directives and has regularly violated several of its

8  prohibitions."  (<u>Id.</u> ¶ 5.)  On November 17, 2010, Defendant's

9  removed the lawsuit to federal court.  On November 18, 2010,

10 Plaintiff filed this ex parte application for a TRO with the court.

11 Plaintiff seeks to enjoin Defendants from foreclosing on the real

12 property located at 7126 Lena Avenue, West Hills, California 91307,

13 or taking any other action that attempts to foreclose on or conduct

14 a trustee's sale of Plaintiff's residence.

15 **II.  LEGAL STANDARD**

16       In any case where a party seeks the extraordinary remedy of

17 preliminary relief by way of a temporary restraining order or a

18 preliminary injunction, the party must meet exacting criteria.  The

19 legal standard for obtaining a TRO is the same as for a preliminary

20 injunction.  <u>See</u> <u>Lockheed Missile & Space Co. v. Hughes Aircraft</u>

21 <u>Co.</u>, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); <u>cf.</u> <u>New Motor</u>

22 <u>Vehicle Bd. of Cal. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2

23 (1977).  The Supreme Court recently set forth the standard for

24 assessing a motion for preliminary injunction in <u>Winter v. Natural</u>

25 <u>Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 376 (2008).

26 "Under <u>Winter</u>, plaintiffs seeking a preliminary injunction must

27 establish that (1) they are likely to succeed on the merits; (2)

28 they are likely to suffer irreparable harm in the absence of

1  preliminary relief; (3) the balance of equities tips in their

2  favor; and (4) a preliminary injunction is in the public interest."

3  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

4  **III. DISCUSSION**

5      The court concludes that Plaintiff has made a showing of

6  likelihood of success on the merits and that the balance of

7  hardships weighs heavily in favor of issuing the TRO.  Plaintiff

8  has alleged that she is likely to suffer immediate, irreparable

9  harm in the absence of a TRO, and Defendants have alleged no

10 immediate harm if the TRO issues.

11     Plaintiff's primary argument relates to Defendant's alleged

12 failure to comply with the terms of the HAMP.  Specifically,

13 Plaintiff claims that Defendants "breached its contract" by

14 "failing to offer Plaintiff a permanent HAMP modification" of her

15 loan, despite the fact that she complied with all the relevant

16 prerequisites.  (Comp. ¶ 86.)  Defendant argues that Plaintiff

17 cannot assert a breach of contract claim as a third-party

18 beneficiary under the contract between Defendant and the federal

19 government.  (Def.'s Opp'n to Pl's App.)

20     Under the federal common law of contracts, "[b]efore a third

21 party can recover under a contract, it must show that the contract

22 was made for its direct benefit — that it is an *intended*

23 *beneficiary* of the contract."  Klamath Water Users Protective Ass'n

24 v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999).  "A promisor

25 owes a duty of performance to any intended beneficiary of the

26 promise, and the intended beneficiary may enforce the duty by suing

27 as a third party beneficiary of the contract . . . ."  County of

28 Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1244 (9th Cir. 2009)

(internal quotation marks and citation omitted).  To qualify as an intended beneficiary, the third party "must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party."  <u>Klamath</u>, 204 F.3d at 1211. "[I]ntended beneficiaries need not be specifically or individually identified in the contract" and, "[d]emonstrating third-party beneficiary status in the context of a government contract is a comparatively difficult task."  <u>County of Santa Clara</u>, 588 F.3d at 1244.

Here, the court is persuaded that Plaintiff — an individual facing foreclosure of her home — has made a substantial showing that she is an intended beneficiary of the HAMP, a federal agreement entered into by Defendants.  Indeed, the very purpose of the HAMP would indicate to the court that Plaintiff is more than an incidental beneficiary of the agreement.  The HAMP clearly states that it is a "loan modification" and "foreclosure prevention service[]."  (Comp., Ex. 1.)  It seems logical to the court that the intended beneficiaries of such an agreement, whose objective is to modify mortgages and to prevent foreclosures, are homeowners at risk of foreclosure.  Therefore, the court concludes that Plaintiff has made a substantial showing that she, as a likely intended third-party beneficiary of the HAMP, has the right to sue to enforce the HAMP.

The court notes that Defendant cites in its opposition to other federal district court cases, which Defendant argues have involved similar facts and in which the reviewing district courts have denied relief based on a finding that the plaintiffs were merely incidental and not intended beneficiaries of the HAMP.

1    (Def.'s Opp'n 4:4-28.)  Defendant also argues that Plaintiff lacks

2    standing.  (Id. 2:6-13.)  The court acknowledges these arguments

3    and concludes that although they may have merit, the court is under

4    time constraints as Plaintiff alleges her home is to be sold today.

5    The court will more fully consider these arguments at the upcoming

6    hearing for a preliminary injunction. Given the time sensitivity of

7    the TRO application, the complexity of the issues, and the fact

8    that Defendant has alleged no harm if the TRO should issue, the

9    court is persuaded that the balance of hardships tips heavily in

10   favor of issuing the TRO.

11        Accordingly, it is hereby ordered that Defendant and its

12   respective agents, employees, representatives, and all persons

13   acting under its direction including without limitation the

14   foreclosure trustee, are enjoined from foreclosing on the certain

15   real property located at 7126 Lena Avenue, West Hills, CA 91307 or

16   from taking any further action in an attempt to foreclose on or

17   conduct a trustee's sale of Plaintiff's residence.

18        Although the underlying suit was brought by Plaintiff on

19   behalf of herself and "all others similarly situated," for purposes

20   of this TRO application Plaintiff does not ask for nor does the

21   court grant class wide relief.

22

23

24

25

26   ///

27   ///

28   ///

6

**IV.    CONCLUSION**

     For the foregoing reasons, the court GRANTS Plaintiff's ex parte application for a TRO.  In addition, a Preliminary Injunction Hearing is set for Monday, November 29, 2010 at 9:30 a.m.


IT IS SO ORDERED.


Dated: November 19, 2010

                              DEAN D. PREGERSON
                              United States District Judge