1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    ERIK S. BLISS (184954)
3     ebliss@sheppardmullin.com
    MARK G. RACKERS (254242)
4     ebliss@sheppardmullin.com
    501 West Broadway, 19th Floor
5   San Diego, California 92101-3598
    Telephone: (619) 338-6500
6   Facsimile: (619) 234-3815

7   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11          WESTERN DIVISION -- SPRING STREET COURTHOUSE

12

| | |
|---|---|
| 13  KAREN SAMPSON, an individual on behalf of herself and all 14  others similarly situated, | Case No. CV 10-08836 DDP (SSx) |
| 15            Plaintiff, | Complaint Filed: 11/15/10 |
| 16       v. | DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF KAREN SAMPSON'S APPLICATION FOR A PRELIMINARY INJUNCTION |
| 17  WELLS FARGO HOME MORTGAGE, INC., dba AMERICA'S SERVICING 18  COMPANY, a corporation, | |
| 19            Defendants. | Date: November 29, 2010 Time: 9:30 a.m. Courtroom: 3 (2nd Floor) |
| 20 | |
| 21 | Hon. Dean D. Pregerson |
| 22 | Trial Date: None |

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

W02-WEST:6ESB2\403116659.1

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................... 1

II.   DISCUSSION ................................................. 2

      A.   Sampson's Claims Are the Property of Her
           Bankruptcy Estate. ................................... 2

      B.   Sampson Is Not an Intended Third Party
           Beneficiary of Wells Fargo's HAMP Servicer
           Participation Agreement. ............................. 4

      C.   Wells Fargo Complied with its HAMP Servicer
           Participation Agreement. ............................. 9

      D.   Sampson Has Not Tendered the Remaining Loan
           Proceeds. ........................................... 11

III.  CONCLUSION ................................................ 12

TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

Aleem v. Bank of Am.,
   2010 WL 532330 (C.D. Cal., Feb. 9, 2010).................... 5

Arcamuzi v. Continental Air Lines, Inc.,
   819 F.2d 935 (9th Cir. 1987)................................ 2

Benito v. Indymac Mortgage Servs.,
   2010 WL 2130648 (D. Nev., May 21, 2010).................... 5

Burtzos v. Countrywide Home Loan,
   2010 WL 2196068 (S.D. Cal., June 1, 2010).................. 5

Escobedo v. Countrywide Home Loans, Inc.,
   2009 WL 4981618 (S.D. Cal. Dec. 15, 2009)............... 6, 9

Gallardo v. Wells Fargo Bank N.A.,
   2010 WL 4345736 (C.D. Cal., Oct. 26, 2010)................. 5

Hammonds v. Aurora Loan Servs. LLC,
   2010 WL 3859069 (C.D. Cal., Sept. 27, 2010).............. 5, 8

Hoffman v. Bank of Am., N.A.,
   2010 WL 2635773 (N.D. Cal., June 30, 2010).............. 6, 9

Joern v. Ocwen Loan Servicing, LLC,
   2010 WL 3516907 (E.D. Wash., Sept. 2, 2010)................ 6

K-2 Ski Co. v. Head Ski Co.,
   467 F.2d 1087 (9th Cir. 1972)............................... 2

Lane v. Vitek Real Estate Indus. Group,
   713 F. Supp. 2d 1092 (E.D. Cal. 2010)...................... 3

Lawrence v. Aurora Loan Servs. LLC,
   2010 WL 364276 (E.D. Cal., Jan. 25, 2010)................. 12

Lucero v. Countrywide Bank N.A.,
   2010 WL 1880649 (S.D. Cal., May 10, 2010)................. 6

Mangindin v. Washington Mut. Bank,
   637 F. Supp. 2d 700 (N.D. Cal. 2009)..................... 12

Manown v. Cal-Western Reconveyance Corp.,
   2009 WL 2406335 (S.D. Cal., Aug. 4, 2009)................ 11

Marks v. Bank of Am., N.A.,
   2010 WL 2572988 (D. Ariz., June 22, 2010)............... 6, 9

///

1    *Marques v. Wells Fargo Home Mortgage, Inc.*,
        2010 WL 3212131 (S.D. Cal., Aug. 12, 2010)................... 8
2
     *McCurdy v. Wells Fargo Bank, N.A.*,
3        2010 WL 4102943 (D. Nev., Oct. 18, 2010)..................... 6
4    *Montes v. Quality Loan Serv. Corp.*,
        2010 WL 114485 (C.D. Cal., Jan. 5, 2010)................... 11
5
     *Montoya v. Countrywide Bank, FSB*,
6        2009 WL 1813973 (N.D. Cal., June 25, 2009)................. 11
7    *Rendon v. Countrywide Home Loans, Inc.*,
        2009 WL 3126400 (E.D. Cal., Sept. 24, 2009)............... 12
8
     *Reyes v. Saxon Mortgage Servs., Inc.*,
9        2009 WL 3738177 (S.D. Cal., Nov. 5, 2010)................... 8
10   *Ricon v. Recontrust Co.*,
        2009 WL 2407396 (S.D. Cal., Aug. 4, 2009)................. 11
11
     *Sanchez v. U.S. Bancorp*,
12       2009 WL 3157486 (S.D. Cal., Sept. 25, 2009)............... 11
13   *Simmons v. Countrywide Home Loans, Inc.*,
        2010 WL 2635220 (S.D. Cal., June 29, 2010)................ 7, 9
14
     *Simon v. Bank of Am., N.A.*,
15       2010 WL 2609436 (D. Nev., June 23, 2010)................... 7
16   *Sneath v. GMAC Mortgage*,
        2010 WL 3860655 (D. Nev., Sept. 27, 2010)................... 3
17
     *United States v. Whiting Pools, Inc.*,
18       462 U.S. 198 (1983)........................................ 3
19   *Van Nguyen v. BAC Home Loan Servs., LP*,
        2010 WL 3894986 (N.D. Cal., Oct. 1, 2010)................ 7, 9
20
     *Vazquez v. Bank of Am. Home Loans*,
21       2010 WL 3385347 (D. Nev., Aug. 23, 2010)............... 4-5, 7
22   *Villa v. Wells Fargo Bank, N.A.*,
        2010 WL 935680 (S.D. Cal., Mar. 15, 2010)................ 4, 7
23
     *Wright v. Bank of Am., N.A.*,
24       2010 WL 2889117 (N.D. Cal., July 22, 2010).............. 4, 7
25   *Yazdanpanah v. Sacramento Valley Mortgage Group*,
        2009 WL 4573381 (N.D. Cal., Dec. 1, 2009)................ 11
26
     *Zeller v. Aurora Loan Servs., LLC*,
27       2010 WL 3219134 (W.D. Va., Aug. 10, 2010)................... 8

28   ///

*Zendejas v. GMAC Wholesale Mortgage Corp.*,
   2010 WL 2490975 (E.D. Cal., June 16, 2010)................... 8

STATE CASES

*Citizens for Better Streets v. Board of Supervisors*,
   117 Cal. App. 4th 1 (2004)................................ 2

*Haley v. Dow Lewis Motors, Inc.*,
   72 Cal. App. 4th 497 (1999)................................ 3

# I.

## INTRODUCTION

Plaintiff Karen Sampson ("Sampson") took a $398,000 fixed-rate residential mortgage loan from defendant Wells Fargo Bank, N.A. ("Wells Fargo") in February 2008.  In less than a year Sampson was in default on the loan -- her November and December 2008 payments were late, and she has never made the payment that was due in January 2010.  Sampson applied for a loan modification under the Home Affordable Modification Program ("HAMP"), but was denied.  Sampson claims that Wells Fargo's denial of her HAMP modification application is a breach of the HAMP "Servicer Participation Agreement" between Wells Fargo and the federal government, and that she is an intended third party beneficiary under that agreement (and can sue Wells Fargo for breach of it). Sampson requests a preliminary injunction to prevent Wells Fargo from proceeding with a foreclosure sale of the property that secures Sampson's loan.[1]

Sampson has no standing to assert her claims, because those claims are owned by her bankruptcy estate.  Also, she is not an intended third party beneficiary of Wells Fargo's agreement; even if she were, the evidence shows that Wells Fargo complied with the HAMP agreement.  Sampson's request for a preliminary injunction must be denied.

---

[1]  When Wells Fargo removed this case to federal court, Sampson persisted with an application for a temporary restraining order in state court, directly arguing to that court that it still had jurisdiction to grant such an order, and that the removal should not prevent the state court from immediately halting the impending foreclosure sale.  Only when the state court denied Sampson's application on the merits did she quickly rush to this Court for a proverbial second bite at the apple.

1                          II.

2                      DISCUSSION

3          "[P]reliminary injunctive relief is available to a

4  party who demonstrates either (1) a combination of probable

5  success and the possibility of irreparable harm, or (2) that

6  serious questions are raised and the balance of hardship tips in

7  its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d

8  935, 937 (9th Cir. 1987).  It is never enough to show only

9  irreparable harm:  "[a]s an irreducible minimum, the moving party

10 must demonstrate a fair chance of success on the merits, or

11 questions serious enough to require litigation." Id. (internal

12 quotations omitted).

13         Sampson must meet her burden with evidence, from "[a]

14 verified complaint or supporting affidavits." K-2 Ski Co. v.

15 Head Ski Co., 467 F.2d 1087, 1088 (9th Cir. 1972); see Citizens

16 for Better Streets v. Board of Supervisors, 117 Cal. App. 4th 1,

17 6 (2004) ("A plaintiff seeking a preliminary injunction bears the

18 burden of presenting facts which show a reasonable probability

19 that he will succeed on the merits.").

20 A.   Sampson's Claims Are the Property of Her Bankruptcy Estate.

21         Sampson does not have standing to assert her claims,

22 because she filed bankruptcy on August 11, 2010, RJN Exh. A;

23 Robinson Dec. ¶ 14 at 3:16-19, Exh. F, and Sampson's claims now

24 properly belong to her bankruptcy estate, to be pursued (if at

25 all) by the bankruptcy trustee.  Moreover, the bankruptcy court

26 has granted Wells Fargo relief from the stay to proceed with the

27 foreclosure sale.  RJN Exh. B.

28 ///

1    "11 U.S.C. § 541(a)(1) defines property of a bankruptcy

2    estate to include 'all legal or equitable interests of the debtor

3    in property as of the commencement of the case.'  The scope of

4    Section 541 is broad, and includes causes of action." <u>Sneath v.</u>

5    <u>GMAC Mortgage</u>, 2010 WL 3860655 at *2 (D. Nev., Sept. 27, 2010)

6    (citing <u>United States v. Whiting Pools, Inc.</u>, 462 U.S. 198, 205 &

7    n.9 (1983)); <u>see</u> <u>Haley v. Dow Lewis Motors, Inc.</u>, 72 Cal. App.

8    4th 497, 504 (1999) ("It is of course indisputable that any

9    causes of action which accrue to a debtor who has filed for

10   relief under the Bankruptcy Act before the filing of the

11   bankruptcy petition become the property of the bankruptcy estate

12   and may thereafter be prosecuted only by the trustee or a duly

13   appointed representative of the estate."),  Simply put, "a

14   bankruptcy petitioner loses standing for any causes of action and

15   the estate becomes the only real party in interest unless the

16   bankruptcy trustee abandons the claims." <u>Lane v. Vitek Real</u>

17   <u>Estate Indus. Group</u>, 713 F. Supp. 2d 1092, 1097 (E.D. Cal. 2010).

18        Sampson's primary claim is for "Breach of Contract."

19   Comp. at 19:18.  Sampson alleges that Wells Fargo has breached "a

20   contract for which Plaintiff and the Class are intended

21   beneficiaries."  Comp. ¶ 77 at 19:22-23.  Specifically, Sampson

22   claims that Wells Fargo "breached its contract" by "failing to

23   offer Plaintiff a permanent HAMP modification" of her loan.

24   Comp. ¶ 86 at 20:21-22.

25        By her Complaint, "[i]n February 2008, Ms. Sampson

26   refinanced into a mortgage with Wells Fargo."  Comp. ¶ 52 at

27   14:19-20; Robinson Dec. ¶ 3-4 at 1:14-20, Exh. A.  "In December

28   2008, Ms. Sampson was laid off from her primary job . . . [and]

-3-

1  fell behind on her mortgage payments to Wells Fargo."  Comp. ¶ 53
2  at 14:22-24; Robinson Dec. ¶ 6-9 at 2:2-18, Exh. B-C.  "In July
3  2009, Ms. Sampson contacted Wells Fargo and requested to be
4  considered for the HAMP program."  Comp. ¶ 54 at 15:1-2.

5        "In late September 2009, Wells Fargo sent Ms. Sampson
6  two copies of a document entitled Home Affordable Program Loan
7  Trial Period," which she "signed" and "returned," Comp. ¶ 55 at
8  15:4-5, and pursuant to which she made "payments . . . each month
9  to Wells Fargo through May 2010," Comp. 58 at 15:24.  However,
10 "[i]n November 2009, Ms. Sampson received a notice of foreclosure
11 sale on her home," Comp. ¶ 60 at 16:5-6, and "in May 2010, Ms.
12 Sampson received a letter from Wells Fargo claiming she was
13 denied a HAMP loan modification," Comp. ¶ 61 at 16:11-12.  Three
14 months after Wells Fargo allegedly wrongfully denied Sampson a
15 loan modification -- and thus after any claim Sampson might have
16 for that denial accrued -- Sampson filed her bankruptcy petition.
17 Accordingly, Sampson's claims are owned by the bankruptcy estate
18 and controlled by the trustee.
19 B.   Sampson Is Not an Intended Third Party Beneficiary of Wells
20      Fargo's HAMP Servicer Participation Agreement.
21        Sampson cannot assert a breach of contract claim as a
22 third party beneficiary under the contract between Wells Fargo
23 and the federal government.  Under the HAMP program, "[a] loan
24 modification is never guaranteed," Wright v. Bank of Am., N.A.,
25 2010 WL 2889117 at *4 (N.D. Cal., July 22, 2010), and "the HAMP
26 agreement [does] not require loan servicers to modify eligible
27 loans," Villa v. Wells Fargo Bank, N.A., 2010 WL 935680 at *3
28 (S.D. Cal., Mar. 15, 2010); see Vazquez v. Bank of Am. Home

                              -4-

1   <u>Loans</u>, 2010 WL 3385347 at *1 (D. Nev., Aug. 23, 2010) ("[A]

2   borrower could not require [a lender] to make any particular loan

3   modification under the HAMP program.").

4        Thus, as the Central District of California has held,

5   "[p]laintiffs do not have standing to pursue a private cause of

6   action against Wells Fargo for allegedly violating the HAMP

7   agreement.  Plaintiffs are merely incidental beneficiaries to the

8   HAMP agreement and therefore cannot pursue this claim against

9   Wells Fargo." <u>Gallardo v. Wells Fargo Bank N.A.</u>, 2010 WL 4345736

10  at *3 (C.D. Cal., Oct. 26, 2010); <u>see</u> <u>Hammonds v. Aurora Loan</u>

11  <u>Servs. LLC</u>, 2010 WL 3859069 (C.D. Cal., Sept. 27, 2010)

12  (dismissing breach of contract claim because borrowers are only

13  "incidental beneficiar[ies] of the contract between Defendant and

14  the government"); <u>Aleem v. Bank of Am.</u>, 2010 WL 532330 at *4

15  (C.D. Cal., Feb. 9, 2010) ("There is no express or implied right

16  to sue fund recipients . . . under TARP or HAMP.").

17       In addition to these Central District of California

18  cases (<u>Aleem</u>, <u>Gallardo</u>, and <u>Hammonds</u>), more than a dozen cases

19  have found that a borrower has not right to sue her loan servicer

20  as a third party beneficiary under the servicer's HAMP agreement:

21       ·    <u>Benito v. Indymac Mortgage Servs.</u>, 2010 WL 2130648 at

22            *7 (D. Nev., May 21, 2010) ("Although the overall HAMP

23            program undoubtedly has a goal of assisting homeowners,

24            the HAMP contract does not express any intent to grant

25            borrowers a right to enforce the HAMP contract between

26            the borrower and the loan servicer.");

27       ·    <u>Burtzos v. Countrywide Home Loan</u>, 2010 WL 2196068 at *2

28            (S.D. Cal., June 1, 2010) ("[B]orrowers . . . are

incidental, but not intended, beneficiaries and,
therefore, lack standing to sue for an alleged breach
of the Servicer Agreement.");

· Escobedo v. Countrywide Home Loans, Inc., 2009 WL
4981618 at *3 (S.D. Cal. Dec. 15, 2009) ("Qualified
borrowers are incidental beneficiaries of the Agreement
and do not have enforceable rights under the
contract.");

· Hoffman v. Bank of Am., N.A., 2010 WL 2635773 at *5
(N.D. Cal., June 30, 2010) ("[T]he Court finds that
borrowers are not third party beneficiaries under the
HAMP servicer's agreement.");

· Joern v. Ocwen Loan Servicing, LLC, 2010 WL 3516907 at
*5 (E.D. Wash., Sept. 2, 2010) (dismissing "contract
claims" because "Plaintiffs have not identified any
terms of the SPA/HAMP which clearly expresses an intent
to confer third party beneficiary status upon them");

· Lucero v. Countrywide Bank N.A., 2010 WL 1880649 at *4
(S.D. Cal., May 10, 2010) ("The Court has reviewed the
HAMP Contract and finds no provisions requiring
Countrywide to modify loans like Plaintiffs.");

· Marks v. Bank of Am., N.A., 2010 WL 2572988 at *5 (D.
Ariz., June 22, 2010) ("Because Plaintiff is not an
intended beneficiary of the agreement between Defendant
and the U.S. Dept. of Treasury, Plaintiff does not have
standing to sue for a breach of contract claim.");

· McCurdy v. Wells Fargo Bank, N.A., 2010 WL 4102943 at
*2 (D. Nev., Oct. 18, 2010) ("Plaintiffs have failed to

1          state a valid claim as to the HAMP contract.");

2      ·   Simmons v. Countrywide Home Loans, Inc., 2010 WL

3          2635220 at *5 (S.D. Cal., June 29, 2010) ("The Court's

4          independent review has found no language in the

5          Agreement which would rebut the presumption that

6          qualified borrowers are merely incidental beneficiaries

7          to the Agreement.");

8      ·   Simon v. Bank of Am., N.A., 2010 WL 2609436 at *10 (D.

9          Nev., June 23, 2010) ("Other district courts have

10         consistently held that the Home Affordable Modification

11         Program does not provide borrowers with a private cause

12         of action against lenders for failing to consider their

13         application for loan modification, or even to modify

14         and eligible loan.");

15     ·   Van Nguyen v. BAC Home Loan Servs., LP, 2010 WL 3894986

16         at *4 (N.D. Cal., Oct. 1, 2010) ("[N]umerous courts

17         have . . . concluded that mortgage loan borrowers do

18         not have standing as intended 'beneficiaries' of HAMP

19         SPAs.");

20     ·   Vazquez, 2010 WL 3385347 at *1 ("Plaintiffs have no

21         probability of success on the merits because they lack

22         standing to sue for breach of the Servicer Participant

23         Agreements.")

24     ·   Villa, 2010 WL 935680 at *2 (dismissing breach of

25         contract claims because borrowers "are not intended

26         beneficiaries of the HAMP agreement");

27     ·   Wright, 2010 WL 2889117 at *4 ("The HAMP contract

28         between Defendants and Fannie Mae obviously was entered

into with the intent of aiding home-loan borrowers, but
it is equally obvious that the contract does not secure
and enforceable right for non-parties.");

· Zeller v. Aurora Loan Servs., LLC, 2010 WL 3219134 at
*1 (W.D. Va., Aug. 10, 2010) ("[N]owhere in the HAMP
Guidelines . . . does it expressly provide for a right
of action."); and,

· Zendejas v. GMAC Wholesale Mortgage Corp., 2010 WL
2490975 at *3 (E.D. Cal., June 16, 2010) ("Plaintiffs
Have No Standing To Assert HAMP.").

Wells Fargo is aware of two cases finding that a
borrower might state a claim as a third party beneficiary under a
loan servicer's HAMP contract: Reyes v. Saxon Mortgage Servs.,
Inc., 2009 WL 3738177 (S.D. Cal., Nov. 5, 2010); and Marques v.
Wells Fargo Home Mortgage, Inc., 2010 WL 3212131 (S.D. Cal., Aug.
12, 2010).[2]  The Reyes opinion is sparse on analysis, and the same
judge came to the opposite conclusion (with extensive analysis)
in Villa.  The Marques opinion is an outlier, and the Central
District of California has already rejected it.  See Hammonds,
2010 WL 3859069 at *3 ("While the Court finds the Marques case
well-reasoned and thorough, the Court nevertheless disagrees with
the conclusion on third party beneficiary status.").

"[I]t would be unreasonable for a qualified borrower
seeking a loan modification to rely on the HAMP servicer's
agreement . . . since the agreement does not actually require

---

[2]  The Marques decision found that a borrower might be
able to bring a breach of contract claim, but the court granted a
motion to dismiss because the plaintiff "alleged insufficient
facts to state a claim."  Marques, 2010 WL 3212131 at *7.

1 that the servicer modify all eligible loans." Hoffman, 2010 WL
2 2635773 at *4.  Sampson has no right to sue Wells Fargo under
3 Wells Fargo's Servicer Participation Agreement.  Thus, her claims
4 stand no chance of success, and her request for a preliminary
5 injunction must be denied.

6 C.   Wells Fargo Complied with its HAMP Servicer Participation
7      Agreement.

8       It is also clear that, even if Sampson's could state a
9 claim for breach of Wells Fargo's HAMP agreement, and that claim
10 were not owned by her bankruptcy estate, Wells Fargo did not
11 breach the agreement by denying Sampson a HAMP modification.

12       As set forth in the HAMP program guidelines, and "[a]s
13 detailed in the Servicer Participation Agreement, participating
14 servicers are required to consider all eligible mortgage loans
15 unless prohibited by the rules of the applicable PSA and/or other
16 investor servicing agreements."  Comp. Exh. 2 at 1 (emphases
17 added); see Escobedo, 2009 WL 4981618 at *3 (quoting HAMP
18 guidelines); see generally Van Nguyen, 2010 WL 3894986 at *2;
19 Simmons, 2010 WL 2635220 at *4; Marks, 2010 WL 2572988 at *3 n.3.

20       Wells Fargo notified Sampson about the HAMP program by
21 letter.  Robinson Dec. ¶ 10 at 2:19-23, Exh. D.  That letter
22 informed Sampson about the possibility of a "Trial Period Plan,"
23 and told her that, "[i]f you qualify under the federal
24 government's Home Affordable Modification program and comply with
25 the terms of the Trial Period Plan, we will modify your mortgage
26 loan."  Robinson Dec. ¶ 10 at 2:19-26, Exh. D at 1 (emphases
27 added).  Wells Fargo explained that trial period payments are an
28 "estimate of what your payment will be IF we are able to modify

-9-

1  your loan under the terms of the program," and that "[t]he Trial
2  Period Plan is the first step.  Once we are able to confirm your
3  income and eligibility for the program, we will . . . send you a
4  loan modification agreement."[3]  Robinson Dec. ¶ 10-11 at 2:19-13,
5  2:27-3:5, Exh. D at 1, 3 (emphasis added).

6        Sampson made only the first seven monthly loan payments
7  (that were due in April through October 2008) on time.  Robinson
8  Dec. ¶ 6-7 at 2:2-8, Exh. B at 18-19.  Sampson's November and
9  December 2008 monthly payments were late.  Robinson Dec. ¶ 6-7 at
10 2:2-12, Exh. B at 17.  Sampson has never made the regular monthly
11 payments due in January 2009 or after.  Robinson Dec. ¶ 6, 8 at
12 2:2-6, 2:13-14, Exh. B at 2-17.  Wells Fargo notified Sampson of
13 her default by letter.  Robinson Dec. ¶ 9 at 2:15-18, Exh. C.

14       Wells Fargo denied Sampson a HAMP modification because
15 the investor for her loan requires that a borrower make at least
16 an initial year's timely payments to be considered for a loan
17 modification.  Specifically, Sampson's application for a loan
18 modification was "denied due to investor guidelines," because
19 Sampson had made "less than 12 payments . . . before going
20 delinquent."  Robinson Dec. ¶ 13 at 3:10-15, Exh. E at 1.

21       Because the HAMP guidelines provide for the denial of a
22 modification under applicable investor rules, and because
23 Sampson's application did not qualify under the investor's rules,
24 Wells Fargo did not breach the HAMP contract, and Sampson's
25 claims are without merit.

─────────────────────────

26
27       [3]  The letter further explained that "your modification
   will not be effective unless you meet all of the applicable
   conditions, including making all trial period payments.  Robinson
28 Dec. ¶ 10, 12 at 2:18-22, 3:5-8, Exh. D at 4 (emphasis added).

W02-WEST:8ESB2\403116659.1

D.   Sampson Has Not Tendered the Remaining Loan Proceeds.

Sampson cannot avoid foreclosure where she has not tendered the remaining loan proceeds.  It is "a pre-requisite to challenging a foreclosure sale" that the plaintiff "tender . . . the full amount of the obligation owed on the mortgage."  Manown v. Cal-Western Reconveyance Corp., 2009 WL 2406335 at *6 (S.D. Cal., Aug. 4, 2009); see Montoya v. Countrywide Bank, FSB, 2009 WL 1813973 at *11 (N.D. Cal., June 25, 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt.").

The tender must be alleged:  "when a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure."  Yazdanpanah v. Sacramento Valley Mortgage Group, 2009 WL 4573381 at *8 (N.D. Cal., Dec. 1, 2009); see Montes v. Quality Loan Serv. Corp., 2010 WL 114485 at *4 (C.D. Cal., Jan. 5, 2010) ("In an equitable action to prevent foreclosure, the plaintiff must allege an ability to tender the full amount of the loan.").

Sampson's discharge of the debt must be specifically set forth in the complaint:  "[i]n order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed."  Ricon v. Recontrust Co., 2009 WL 2407396 at *6 (S.D. Cal., Aug. 4, 2009); see Sanchez v. U.S. Bancorp, 2009 WL 3157486 at *6 (S.D. Cal., Sept. 25, 2009) (same);

1  <u>Mangindin v. Washington Mut. Bank</u>, 637 F. Supp. 2d 700, 712 (N.D.

2  Cal. 2009) ("[U]nder California law, a plaintiff seeking to quiet

3  title in the face of a foreclosure must allege tender or an offer

4  of tender of the amount borrowed.").

5          Sampson's "complaint's silence on [her] tender of the

6  rescission balance is construed as [her] concession of inability

7  to do so." <u>Rendon v. Countrywide Home Loans, Inc.</u>, 2009 WL

8  3126400 at *6 (E.D. Cal., Sept. 24, 2009).  "In the absence of

9  [Sampson'] meaningful tender of indebtedness, no beneficial

10 purpose appears for [her] requested injunctive relief," <u>Lawrence</u>

11 <u>v. Aurora Loan Servs. LLC</u>, 2010 WL 364276 at *12 (E.D. Cal., Jan.

12 25, 2010), and Sampson's application for a preliminary injunction

13 should be denied.

14                          III.

15                       CONCLUSION

16         Sampson does not have standing to pursue her claims,

17 and those claims are meritless in any case.  Her application for

18 a temporary restraining order should be denied.

19
   DATED: November 24, 2010

20
                       SHEPPARD MULLIN RICHTER & HAMPTON LLP

21

22
                       By   /s/Erik S. Bliss

23                               ERIK S. BLISS

24                           Attorneys for Defendant
                             WELLS FARGO BANK, N.A.

25

26

27

28